# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**TERESE MARIE MEADOWS**                                                              **PLAINTIFF**

V.                         **No. 1:13CV00034 KGB-BD**

**JOHN MAPLES, JR.,** *et al.*                                               **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**      **Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

    Mail your objections and "Statement of Necessity" to:

        Clerk, United States District Court
        Eastern District of Arkansas
        600 West Capitol Avenue, Suite A149
        Little Rock, AR 72201-3325

## II.    **Background:**

Terese Marie Meadows, an Arkansas Department of Correction ("ADC") inmate housed at the McPherson Unit, filed this lawsuit alleging that the Defendants are involved in a scheme that allows the owners of Corizon, Pharma Cor, and the ADC to financially benefit from the ADC's required $3.00 medical co-pay. According to the Complaint, Defendants re-distribute left-over prescription medications in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*. She seeks monetary relief and placement in the federal witness-protection program. Ms. Meadows claims should be DISMISSED, without prejudice.[1]

## III.    **Discussion**:

Here, Ms. Meadows alleges that every inmate scheduled to pick up medication at the "pill call" window has a "stock card," which indicates the amount of medication remaining for that particular inmate. She alleges that, on occasion, when she went to pill call with a "stock card" she received her medication; at other times, however, she did not

---

[1] The Court notes that Ms. Meadows does not assert a constitutional claim under 42 U.S.C. § 1983.

receive her medication.  Nonetheless, she alleges, the distributing officer falsely noted that she had received the medication.

Ms. Meadows also alleges that when a physician prescribes an inmate medication, the pharmacy fills the order and places the pills in thirty-day "blister packs"  There is a "stop date" listed on the inmate's "stock card."  Once the stop-date has passed, the inmate must go to sick call to receive medication, even if the inmate's prescription has not expired.  An inmate is charged a $3.00 co-pay for each sick call visit.  According to Ms. Meadows, an inmate must be seen at sick call three times before being evaluated by a doctor.

Ms. Meadows explains that inmates are frequently given boxes of medication to be used before they are seen by a doctor.  Once they are seen by the doctor, the inmate must return any leftover medication to the infirmary or it is considered contraband.  Ms. Meadows claims that the unused medication is then redistributed by the ADC.  According to Ms. Meadows, this pattern of conduct wrongly allows Corizon, Pharma Cor, and the ADC to financially profit from both the enforcement of the $3.00 medical co-pay and the redistribution of unused medication.

RICO makes it "unlawful for any person employed by or associated with any enterprise engaged in . . . interstate . . . commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity."  18 U.S.C. § 1962(c).  While RICO allows a private party who has been injured

to sue for damages, see *Craig Outdoor Advertising, Inc. v. Viacom Outdoor Inc.*, 528 F.3d 1001, 1026 (8th Cir. 2008), the allegations here do not state a claim. To state a RICO claim, Ms. Meadows must show "1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Nitro Distributing Inc. v. Alticor, Inc.*, 565 F.3d 417, 428 (8th Cir. 2009) (internal quotation omitted).

For a pattern to exist there must be at least two acts of racketeering activity. 18 U.S.C. § 1961(5). These acts must be related and must "amount to or pose a threat of continued criminal activity." *United Healthcare Corp. v. American Trade Ins. Co., Ltd.*, 88 F.3d 563, 571 (8th Cir. 1996) (citation omitted).

The term "racketeering activity" includes a variety of criminal offenses under state and federal law, including murder, kidnaping, gambling, arson, robbery, bribery, extortion, and obstruction of justice. 18 U.S.C. § 1961(1). The pattern of conduct alleged by Ms. Meadows is not among the offenses included in the definition of racketeering activity. Therefore, her RICO claim fails. Moreover, there is no suggestion that the predicate acts amount to, or pose a threat of, continued criminal activity.

## IV. <u>Conclusion</u>:

The Court recommends that Ms. Meadows's claims be DISMISSED, without prejudice. The Court also recommends that the Court certify that an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

DATED this 10th day of April, 2013.

_____
UNITED STATES MAGISTRATE JUDGE